**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAIN CAPITAL HOLDINGS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 25-17629 (SRC) |
| v. | : |
| | : **OPINION & ORDER** |
| PAULETTE D. MARQUIS, Individually | : |
| and as Trustee of the PAULETTE D. | : |
| MARQUIS REVOKABLE | : |
| LIVING TRUST, | : |
| | : |
| Defendants. | : |
| | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff's motion for default judgment as to Defendants Paulette D. Marquis, individually and as Trustee of the Paulette D. Marquis Revokable [*sic*] Living Trust ("the Trust") (jointly, "Defendants."). For the reasons that follow, the motion will be granted.

On November 17, 2025, Plaintiff filed a Complaint against Defendants, asserting three claims. On December 17, 2025, Plaintiff filed proofs of personal service to Defendants, followed by a request for entry of default on January 7, 2026. The Clerk of the Court entered default against Marquis, both in her individual capacity and as Trustee of the Trust. Plaintiff now moves for default judgment against both Defendants on all three claims.

On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as true. "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I,

Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).   Damages must still be proven.

The Complaint alleges, in brief, that Marquis filed a claim as a creditor in a debtor's bankruptcy case, filed in the District of New Jersey, and that Plaintiff entered into a written purchase agreement ("The Participation Agreement") with Marquis that stated that, for valuable consideration, Marquis transferred to Plaintiff all her exclusive rights to her claim in the debtor's bankruptcy.   Pursuant to this agreement, Plaintiff received an initial distribution from the bankruptcy Liquidation Trustee.   Subsequently, a first purchaser contacted Plaintiff with the news that Marquis had previously sold the rights in question to the first purchaser, prior to the purchase transaction with Plaintiff.

Count I of the Complaint asserts a claim for breach of contract, based on The Participation Agreement between Plaintiff and Marquis.   Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Marquis is liable to Plaintiff for breach of contract.

Count II of the Complaint asserts a claim for fraud, alleging that, when entering The Participation Agreement. Marquis fraudulently concealed her prior sale of the rights to her claim to the first purchaser, with subsequent reliance by Plaintiff and injury therefrom.   Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Marquis is liable to Plaintiff for fraud.

Count III of the Complaint asserts a claim for declaratory judgment, based on The Participation Agreement between Plaintiff and Marquis.   Count III alleges that, in the Participation Agreement, Marquis agreed to indemnify and hold Plaintiff harmless "from and against any and all expenses, losses, claims, damages or liabilities which are incurred by [Plaintiff], including but not limited to reasonable attorneys' fees and expenses, caused by" any

breach of the Agreement.   (Compl. ¶ 42.)   Taking as true the well-pleaded factual allegations in the Complaint, the Court finds that Marquis is liable to Plaintiff for all damages stemming from her breach of the Participation Agreement, pursuant to this indemnification provision.

Because Defendant Marquis, both individually and in her capacity as Trustee for the Trust, has defaulted, this Court finds that the allegations in the Complaint as to liability on each of the three claims are determined to be true.   The motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against Defendants shall be entered.

This leaves only the question of damages.   Under New Jersey law, contract damages must be proven "to a reasonable degree of certainty."   Lightning Lube v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993).   Plaintiff has not yet met this standard, and the question of damages shall be referred to the Magistrate Judge for determination at a proof hearing.

For these reasons,

**IT IS** on this 12th day of March, 2026,

**ORDERED** that Plaintiff's motion for entry of default judgment (Docket Entry No. 8), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED**, and Judgment by default in favor of Plaintiff is hereby entered on all three claims in the Complaint against Defendants Paulette D. Marquis, individually and as Trustee of the Paulette D. Marquis Revokable Living Trust; and it is further

**ORDERED** that the matter of judgment damages shall be referred to the Magistrate

Judge for a proof hearing.

   s/ Stanley R. Chesler
Stanley R. Chesler
United States District judge